IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jose Luis Vite-Cruz,<br><br>                     Petitioner,<br><br>vs.<br><br>Yadira Del Carmen Sanchez,<br><br>                     Respondent. | Civil Action No. 3:18-cv-01943-DCC<br><br>**TEMPORARY RESTRAINING ORDER**<br><br>**and**<br><br>**RULE TO SHOW CAUSE** |

Before the Court is the *Ex Parte* Expedited Motion for a Temporary Restraining Order ("Motion") (ECF No. 7) filed by Petitioner Jose Luis Vite-Cruz ("Father") under Article 7(b) of the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–9011. Father requests that the Court:

1. Issue an order prohibiting Yadira Del Carmen Sanchez ("Mother") or any others acting on their behalf or at their direction from removing his son, A.V.(the "Child"), from the jurisdiction pending resolution of this action;

2. Issue an order taking into safe keeping all of the Child's travel documents, including his Mexican and American passports; and

3. Issue an expedited Rule to Show Cause ordering the appearance of Mother and the Child on the first available date on the Court's calendar so that the Court may combine the preliminary injunction hearing and the hearing on the merits, holding any final hearing on the merits of the Verified Expedited Petition as soon as possible as required by the Convention.

Having considered the entire record in this matter to date, the Court **GRANTS** Father's Motion, as further explained below. The Court schedules the preliminary injunction hearing for

1

**Tuesday, July 24, 2018, at 10:30 a.m.**, at the **Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201, Courtroom #3**.

## Analysis

The Hague Convention is intended "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence." *Maxwell v. Maxwell*, 588 F.3d 245, 250 (4th Cir. 2009). The Hague Convention seeks to preserve the *status quo*—the return of children to their home countries for further proceedings. *Miller v. Miller*, 240 F.3d 392, 398 (4th Cir. 2001). Thus, it is not the underlying custody case at issue under the Hague Convention, but whether the treaty requires a child to be returned home for any custody proceedings. *Id.* at 398.

To accomplish the goal of maintaining the *status quo*, the Court is empowered to take steps "to prevent future harm to the child or prejudice to interested parties by taking or causing to be taken provisional measures." Hague Convention, art. 7(b); *see also* 22 U.S.C. § 9004(a) (allowing preventative measures "to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition."). Federal courts within the Fourth Circuit have used Article 7(b) and § 9004 to take provisional measures to ensure that abducted children are not removed from their jurisdiction during the litigation. *See, e.g.*, *Salguero v. Argueta*, No. 5:17-CV-125-FL, 2017 WL 1067758, at *2 (E.D.N.C. Mar. 21, 2017); *Smith v. Smith*, No. 116CV00264, 2016 WL 4154938, at *3 (W.D.N.C. Aug. 4, 2016); *Velasquez v. Velasquez*, No. 1:14CV1688, 2014 WL 7272934, at *1 (E.D. Va. Dec. 15, 2014); *Alcala v. Hernandez*, No. 4:14-CV-4176, 2014 WL 5506739, at *1 (D.S.C. Oct. 30, 2014).

**I.     The *Ex Parte* Nature of Father's Request**

Father's request for relief was heard on an *ex parte* basis. Based on Father's allegations and the findings below, relief without notice to Mother is necessary to avoid immediate and

irreparable injury, loss, and/or damage if Mother were given notice of the proceedings prior to this Order. As required by Rule 65(b)(1)(A), Father's counsel has properly certified to the Court the reasons why notice should not be required. Thus, the elements of Rule 65(b)(1) are met.

## II.  The Temporary Restraining Order

In determining whether to grant injunctive relief, the district court must balance the hardships likely to befall the parties if the injunction is, or is not, granted. *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009). The proper balancing requires this Court to weigh the relative importance of four factors:

> (1) the likelihood of irreparable harm to the plaintiff if the relief is denied;
>
> (2) the likelihood of harm to the defendant if the requested relief is granted;
>
> (3) the likelihood that the plaintiff will succeed on the merits; and
>
> (4) the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

After balancing the hardships, the Court finds that the requested provisional measures are authorized and necessary in this case, without the need for posting a bond. First, the Court finds that allowing the Mother to flee with the Child would be, by definition, irreparable harm. *Alcala*, 2014 WL 5506739, at *6 ("The court observes that allowing the Mother to flee with the Children is contrary to the very purpose of the Hague Convention and ICARA, and would result in irreparable harm.").

Second, the Court finds that any threatened harm to the Mother is minimal as compared to the probability of irreparable harm to Father or the Child. As explained in Father's memorandum in support of the Motion presently before the Court, Father is not seeking a permanent custody order from this Court. Because the Court cannot make a custody determination, the Court finds that Mother cannot lose any custody rights from the Temporary Restraining Order. *See Abbot v.*

3

*Abbot*, 560 U.S. 1, 20 (2010) ("Ordering a return remedy does not alter the existing allocation of custody rights, but does allow the courts of the home country to decide what is in the child's best interests. It is the Convention's premise that courts in contracting states will make this determination in a responsible manner." (citations omitted)).

Third, the Court finds that Father—at this stage in the proceedings and based on the record before the Court—has demonstrated that he is likely to succeed on the merits. Father's evidence establishes that (1) the Child's habitual residence is Mexico as shown by the facts and circumstances immediately prior to the wrongful retention; (2) Father has "rights of custody" under Mexican law; and (3) Father was exercising his rights of custody and would have continued doing so but for Mother's wrongful retention of the Child in the United States.

Fourth, public policy supports issuance of the TRO here. *See Salguero v. Argueta*, No. 5:17-cv-125-FL, 2017 WL 1067758 (E.D.N.C. March 21, 2017) ("Finally, a TRO serves the public interest. Since international abduction [and] wrongful retention of [a] child[ ] is harmful to [his or her] well-being,' a TRO in this case will serve the public interest by protecting the child's well-being." (alterations in original)); *Alcala v. Hernandez*, No. 4:14-CV-4176-RBH, 2014 WL 5506739, at *7 (D.S.C. Oct. 30, 2014) (citing ICARA's Congressional findings and concluding that "the public policy is not hindered, but is instead furthered, by the ordering of these provisional measures.").

### III. Rule 65(c) bond requirement.

In exercising its discretion, the Court concludes that a bond is not required for the Temporary Restraining Order to be issued. The requirement of security is not mandatory and can be waived. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013). Father is merely seeking a *temporary* order

prohibiting the Mother from removing the Child from the jurisdiction, requiring the Mother to relinquish the Child's travel documents to the custody of the Court, and requiring an expedited hearing. Father is not seeking a permanent custody order, nor is he seeking to permanently limit the Mother's ability to travel. Therefore, the Court declines to require Father to post a bond.

**Order**

For the reasons set forth above, it is **ORDERED** that Father's *Ex Parte* Expedited Motion for Temporary Restraining Order (ECF No. 7) is **GRANTED**, as follows:

(a) Yadira Del Carmen Sanchez—or any others acting on her behalf—is, and are, **PROHIBITED** from removing the Child, A.V., from the District of South Carolina pending the preliminary injunction hearing scheduled below;

(b) A preliminary injunction hearing to determine whether this Temporary Restraining Order will be converted to a preliminary injunction under Rule 65 is scheduled for **Tuesday, July 24, 2018, at 10:30 a.m.** in **Courtroom Number 3** of the **Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201** before the Honorable Donald C. Coggins, Jr. A final merits hearing on the matter will be scheduled by the Court at that time.

(c) Yadira Del Carmen Sanchez is **ORDERED** to appear **with the Child, A.V.** at this hearing to show cause why she should not be prohibited from removing the Child from the jurisdiction until this litigation is concluded.

(d) The United States Marshal shall serve Yadira Del Carmen Sanchez with process by personally delivering a copy of the Summons, Verified Expedited Petition, and this Temporary Restraining Order to them. Father's counsel is **ORDERED** to provide the United

States Marshal with a hard-copy of these documents to complete service of process, and additionally shall arrange for a qualified interpreter to be present for the hearing scheduled above.

    (e)  Yadira Del Carmen Sanchez shall immediately relinquish the Child's travel documents, **including his Mexican and American passports**, to the United States Marshal upon service of process (or as soon as practical thereafter if those documents are secured in a lockbox or other location that her residence). Thereafter, the United States Marshall shall deliver the travel documents to the Clerk of Court for safekeeping until further order of this Court.

              s/Donald C. Coggins, Jr.
              Honorable Donald C. Coggins, Jr.
              United States District Court Judge

10:30 A.M., July 18, 2018
Spartanburg, South Carolina