IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jose Luis Vite-Cruz,<br><br>                        Petitioner,<br><br>vs.<br><br>Yadira Del Carmen Sanchez,<br><br>                        Respondent. | Civil Action No. 3:18-cv-01943-DCC<br><br><br>**PRELIMINARY INJUNCTION** |

This matter was initiated by a Verified Petition filed by Petitioner Jose Luis Vite-Cruz under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011.

This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction). Venue is proper pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. § 1391(b).

Pending before the Court is Petitioner's request for a preliminary injunction under 22 U.S.C. § 9004, and Federal Rule of Civil Procedure 65, prohibiting Respondent Yadira Del Carmen Sanchez from removing her twelve-year-old son, A.V. (the "Child") from the jurisdiction during the litigation. Moreover, Petitioner requests others acting on Respondent's behalf or at her direction similarly be enjoined from removing the Child from the jurisdiction. Finally, Petitioner requests an Order requiring Respondent to relinquish the Child's travel documents, including any passports.

1

The Court conducted a hearing on July 24, 2018, at 10:30 a.m. in Columbia, South Carolina. Present at the hearing were: (1) Petitioner's counsel; (2) Respondent; and (3) the Child. During the hearing, the Court confirmed that:

1. Petitioner had properly served Respondent with the filings in this case;

2. Respondent understands the English language;

3. Respondent understood the content of the proceedings;

4. Respondent is residing with the Child in Richland County, South Carolina;

5. the Child is enrolled in school and will be starting the 7th grade this year;

6. Respondent understood the prohibitions of this Court's prior Temporary Restraining Order ("TRO");

7. the Child does not have any passports and Respondent is prohibited from applying for any passports for the Child until the conclusion of this proceeding; and

8. Respondent understands and agrees that she may not remove the Child from the jurisdiction pending the resolution of Petitioner's Verified Petition.

During the hearing, the Court concluded that Respondent had not yet retained legal counsel, and Respondent requested the Court appoint counsel.[1] The Court asked Respondent several questions about the Child and her intent to remain in the jurisdiction, and Petitioner presented argument on the applicable preliminary injunction factors as set forth in the Court's prior Temporary Restraining Order. ECF No. 13. The Court adopts the findings in the TRO herein by reference and converts the TRO to a preliminary injunction that will remain in effect until the conclusion of these proceedings.

---

[1] The Court has appointed counsel by separate Text Order.

## ORDER

For the reasons set forth above, it is **ORDERED** that Petitioner's request for preliminary injunction is **GRANTED**, as follows:

(a) Respondent—or any others acting on her behalf or at her direction—is, and are, **PROHIBITED** from removing the Child, A.V., from the District of South Carolina pending the final resolution of this matter;

(b) a final merits hearing on the is scheduled for August 22, 2018, at 10:00 a.m., at the Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201 in Courtroom #5;

(c) Respondent is directed to permit Petitioner to speak to the Child by telephone no more than two times per week until the conclusion of these proceedings, and to that end, Petitioner's counsel is to provide Petitioner with Respondent's telephone number, which was obtained at the hearing; and

(d) a telephone conference between counsel for the parties and the Court is scheduled for August 7, 2018, at 2:00 p.m., for scheduling purposes. The parties, through counsel, shall confer prior to that time and be prepared to submit a proposed scheduling order for the remainder of this litigation, specifically indicating any necessary extension as to the final merits hearing.

IT IS SO ORDERED.

      s/Donald C. Coggins, Jr.
      Honorable Donald C. Coggins, Jr.
      United States District Court Judge

10:40 a.m., July 27, 2018.
Spartanburg, South Carolina