IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jose Luis Vite-Cruz,<br><br>                 Petitioner,<br><br>vs.<br><br>Yadira Del Carmen Sanchez,<br><br>                 Respondent. | Civil Action No. 3:18-cv-01943-DCC<br><br>**ORDER APPOINTING<br>GUARDIAN AD LITEM** |

      This matter is before the Court on Petitioner Jose Luis Vite-Cruz's ("Petitioner") Verified Expedited Petition ("Verified Petition") [Dkt. No. 1], filed pursuant to the Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), International Child Abduction Remedies Act, 42 U.S.C. 11601 *et seq.* ("ICARA"). Petitioner is seeking the return to Mexico of the minor child A.V., born in the United States in 2006, (the "Child") who, he alleges, has been wrongfully retained in the United States by the Child's mother, Yadira Del Carmen Sanchez ("Respondent"). Respondent is challenging the Petition for Return by denying the Child has been wrongfully retained within the meaning of the law, and by raising affirmative defenses under the Hague Convention, including the well-settled defense and the child's objection to being returned defense.[1]

      "The Hague Convention [on the Civil Aspects of International Child Abduction] seeks to protect children from the harmful effects of international parental abduction by setting out procedures to ensure that wrongfully removed [or wrongfully retained] children are turned to the country of their 'habitual residence.'" *Trudrung v. Trudrung*, 686 F.Supp.2d 570, 572 (M.D.N.C. 2010) (citing Hague Convention,

---

[1] Pursuant to the Scheduling Order entered by the Court [Dkt. No. 25], the deadline for Respondent to file her Answer is August 27, 2018. Nothing in this Order shall bind Respondent to any defense.

pmbl., art. 1). "[T]he primary purpose of the Hague Convention is 'to preserve the status quo and to deter parents from crossing international boundaries in search of a more sympathetic court.'" *Miller v. Miller*, 240 F.3d 392, 398 (4th Cir. 2001) (quoting *Friedrich v. Friedrich*, 983 F.2d 1396 (6th Cir. 1993)).

The Court's inquiry in such cases is limited to the merits of the claim for wrongful removal or retention within the meaning of the law and whether the Hague Convention's limited defenses might apply to bar the child from an order of return. It is not the mandate of this Court to determine custody. Accordingly, the Court's inquiry is not what is in the best interests of the child as is typically the case in a child custody matter. *Hazbun Escaf v. Rodriquez*, 200 F. Supp. 2d 603, 610–11 (E.D. Va. 2002), *aff'd sub nom. Escaf v. Rodriquez*, 52 F. App'x 207 (4th Cir. 2002).

However, the Child's safety and wellbeing remain a concern of the court, especially because Respondent, through her attorney, indicated in a conference call with this Court that she was considering the well-settled defense pursuant to Article 12 and the Child's objection to the Return pursuant to Article 13. Therefore, the Court finds it prudent to appoint a guardian ad litem ("GAL") pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. The Court, in its discretion, has engaged the services of GAL Richard Whiting ("Whiting"). Whiting has agreed to serve as GAL on a *pro bono* basis, which the Court greatly appreciates.

## Order

1. Whiting shall conduct an independent, balanced, and impartial investigation into the facts relevant to the Verified Petition and the defenses raised by Respondent. The scope of the investigation shall include the following:

 a. The past and present living arrangements of the Child, including whether the Child attends school or day care consistently, whether the child attends church or participates in other community or extracurricular activities, the stability of the Child's residency in his new environment,

his health, his age, his maturity, his understanding of the English language, his integration into school, whether the Child has friends and relatives in the new area, whether the Child has permanent and lasting connections in his new environment, and the immigration status of the Child and the Respondent.

      b.      Any objection the Child may have to being returned to Mexico, the grounds for that objection, the extent to which the Child can articulate the reasons for the objection and the understanding of the effect of such an objection, and the extent to which the objection is born out of rational comparison between a child's life in Mexico and the United States, and the extent to which the Child has discussed any objection or reasoning with the parties or others.

      c.      Past or present physical, sexual, or psychological abuse and/or harm to the Child, if any,[2] (including information regarding the Child's living situations in the United States and Mexico) as well information as to the circumstances surrounding his initially being brought to Mexico by Petitioner and then subsequently this country by Respondent.

      d.      Provided, however, that the investigation shall not include any inquiry or determination of the best interests of the Child or other traditional custody factors.

2.      In conducting his investigation, Whiting shall:

      a.      Meet with and interview the Child on at least one occasion.

      b.      Interview the parents of the Child and any other necessary persons, including, but not limited to, the Child's teachers. These interviews may be conducted via videoconference for unavailable witnesses. Counsel shall provide the GAL with translation services if necessary.

---

[2] At this time, the Court has not been provided any information indicating that the Child has been abused by either party.

c. Review any documents or materials submitted by the Petitioner and/or Respondent. However, Whiting is entitled to give the submitted materials any (or no) consideration as he deems appropriate in light of his defined scope of inquiry, relevant authorities, and any other factors he determines are appropriate.[3]

d. Have access to all documents filed with the Court in this case (including those under seal), which includes the Child's most recent school reports from Mexico and the United States.

e. Have access to the Child's medical records if relevant to the inquiry.

f. Submit a written report to the Court under seal, which shall also be available to all parties. The report shall include any facts relevant to the Verified Petition and the relevant defenses raised by Respondent. Given the expedited nature of Return proceedings as mandated by the Hague Convention, Whiting shall issue a preliminary report no later than two days prior to the scheduled mediation,[4] or September 10, 2018, and a final report by September 20, 2018.[5]

Provided, however, that nothing in this order shall be construed as to require or allow Whiting to consider or opine on traditional custody and child placement factors, including (without

---

[3] The parties are to exchange materials they intend to submit for Whiting's consideration no later than August 28, 2018. If there are no objections to the proposed submissions, the parties shall jointly send an indexed set of documents to Whiting no later than August 30, 2018. If there are objections to any submissions, the parties are to promptly notify the court, at which time further instructions will be provided.

[4] Whiting will be available to attend mediation in person or telephonically at the discretion of the mediator.

[5] If either party has any objections to Whiting's report, they will be addressed in their Motion in Limine due September 26, 2018 and any response as established in the Scheduling Order entered by the Court [Dkt. No. 25]. To the extent that an objecting party needs to reference specific text of the report in the objection, they may file a redacted version of the motion and an un-redacted version under seal.

limitation) who may be the better caregiver or which country would offer the Child with better future life opportunities, unless that consideration is relevant to a claim or defense raised in this action. The Court retains the ability to consider or ignore any portions of the report falling outside the narrow scope of the Hague convention inquiry and delving into the merits of the custody dispute.

    **IT IS SO ORDERED.**

s/Donald C. Coggins, Jr.
Unites States District Judge

August 22, 2018.
Spartanburg, South Carolina