IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jose Luis Vite-Cruz,<br><br>Petitioner,<br><br>vs.<br><br>Yadira Del Carmen Sanchez,<br><br>Respondent. | Civil Action No. 3:18-cv-01943-DCC<br><br>**Order Permitting Remote Testimony** |

This matter is before the court on the parties' joint motion requesting that the Court authorize remote testimony for the Petitioner and for certain witnesses who are likely to be called to testify by the parties. (*See* Joint Mot. for Petitioner and Other Witnesses to Testify Remotely, ECF No. 32.) For good cause shown, the motion is **GRANTED**.

**Background**

Petitioner brings this case under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention) and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9000-9011, seeking return of his twelve-year old son, A.V. (the "Child") to Mexico. (Verified Pet., ECF No. 1.) Respondent has denied the allegations and raised several affirmative defenses. (Answer, ECF No.27.)

Petitioner and Respondent now bring their joint request to permit certain witnesses to testify remotely by video-conference or, alternatively, by telephone (should technical difficulties arise). As the parties explain, their witnesses are unable to testify in person because of either financial constraints or legal impediments to doing so. Thus, the parties argue that remote testimony may be the only means available for them to present their claims and defenses during the upcoming trial.

## Discussion

Courts have adopted flexible approaches to adhere to this directive, including allowing remote testimony. Under Rule 43(a), a court may permit remote testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). As the Fourth Circuit has noted, remote testimony does not "preclude the respondent from confronting and conducting relevant cross-examination of the witnesses," so it does not offend due process considerations. *United States v. Baker*, 45 F.3d 837, 843-44 (4th Cir. 1995).

As the parties explain, their witnesses are unable to appear in person because of either financial constraints or legal impediments to doing so. These are sufficient grounds for permitting the remote testimony here. *See Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (finding the expense of international travel for an indigent party sufficient cause for remote testimony); *El–Hadad v. United Arab Emirates*, 496 F.3d 658, 668–69 (D.C. Cir. 2007) (permitting remote testimony for party unable to obtain a visa).

Allowing remote testimony in Hague Convention actions, as long as subject to certain safeguards, is not without precedent. In *Alcala v. Hernandez*, No. 4:14-CV-04176-RBH, 2015 WL 1893291, at *3 (D.S.C. Apr. 27, 2015), the court required petitioner to be properly identified and testify from a private room, free of outside influence. The petitioner's counsel was also required to troubleshoot his video-conferencing connection with the courthouse staff prior to his testimony.

The Court finds that these safeguards are appropriate here to ensure reliable testimony. As indicated in the Motion, the parties have agreed to ensure that their witnesses utilize an appropriate room from which to testify by video-conference, free from outside interference. The parties have also agreed to require the witnesses to present official identification prior to testifying, and have explained their willingness to work with the Court's IT staff to troubleshoot the video-conferencing system prior to trial.

Based on the foregoing, the court **GRANTS** the parties' Motion and **ORDERS**:

1. Petitioner and the parties' witnesses identified in the joint motion shall be permitted to testify by video-conference. Where video-conferencing is not available or if technical difficulties arise, those witnesses may also testify telephonically.

2. Counsel for both parties are directed to contact Brandon Howard,[1] a member of the Columbia Division's IT staff, by September 20, 2018, to coordinate any troubleshooting of the video and telephonic-conferencing systems. The parties shall conduct an in-person test of those systems by October 3, 2018.

3. Petitioner and witnesses are to arrive at their respective video-conferencing locations one hour prior to the Court's October 4, 2018, trial so that counsel can confirm with courtroom staff that the technology is working properly such that all members present in the courtroom can hear and understand their testimony.

4. Petitioner and witnesses shall be prepared to provide sufficient identification at the hearing to properly identify themselves. The witnesses must also testify from a private room and no other person shall be permitted to communicate with the witnesses during the proceedings, either in person or otherwise, unless that communication is on the record in open court.

5. The parties have reserved their evidentiary objections to the witnesses or the testimony offered with the exception to objections regarding the remote nature of their testimony.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Court Judge

September 13, 2018
Spartanburg, South Carolina

---

[1] Mr. Howard may be reached by telephone at 803-253-3306. In the event the parties are unable to reach Mr. Howard, they are directed to contact Chambers, which will assist in making alternative arrangements.