IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jose Luis Vite-Cruz, <br><br> Petitioner, <br><br> vs. <br><br> Yadira Del Carmen Sanchez, <br><br> Respondent. | Civil Action No. 3:18-cv-01943-DCC <br><br><br> **OPINION AND ORDER** |

On December 19, 2018, the Court granted Petitioner's Verified Petition, which was filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–11. The Order requires the immediate return of A.V., a twelve-year-old child (the "Child"),[1] to his habitual residence of Hidalgo, Mexico. Following the issuance of the Order, Petitioner filed a Motion for Costs, Respondent filed a Response, and Petitioner filed a Reply. ECF Nos. 65, 67, 68. The Court has reviewed the submissions of the parties, supporting documentation, and relevant law. For the reasons discussed below, the Court denies Petitioner's Motion.

Article 26 of the Hague Convention permits a court to award expenses to a prevailing party "where appropriate."[2] Hague Convention, Art. 26. Similarly, ICARA allows for an award of costs, stating in relevant part:

---

[1] Petitioner is the Child's father, and Respondent is the Child's mother.

[2] "Upon ordering the return of a child . . . the judicial or administrative authorities may, where appropriate, direct the person who removed or retained the child, or who prevented

1

> Any court ordering the return of a child pursuant to an action brought under [ICARA] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3). Although the Fourth Circuit has not spoken on the issue, other courts have interpreted this statutory provision to give district courts "broad discretion" to determine when an award of costs is appropriate. *See, e.g., West v. Dobrev*, 735 F.3d 921, 932 (10th Cir. 2013) (noting the "broad discretion" conferred by ICARA); *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004) ("We also read the statute as giving the district court broad discretion in its effort to comply with the Hague Convention consistently with our own laws and standards.").

Turning to the substance of Petitioner's request, he seeks $13,521.97 in costs, including interpretation fees, translation expenses, and other related litigation expenses. The Court has reviewed the records submitted by counsel and finds these costs to be reasonable in light of the nature and complexity of this case. Nonetheless, the Court must consider the totality of the circumstances in determining whether an award of costs is "clearly inappropriate." Here, Respondent is indisputably indigent and has a large family to support in the United States. In the event Respondent was even able to pay costs, it would be to the detriment of her other children. Furthermore, Respondent relies entirely on her partner's finances, as she does not make any income. Additionally, this case presented a very close question, as the Court's Order makes abundantly clear. Finally, Petitioner's counsel served in a *pro bono* capacity. There is no question that Petitioner's

---

the exercise of rights of access, to pay necessary expenses incurred by or on behalf of the applicant . . . ." Hague Convention, Art. 26.

counsel have spent considerable time and money during this representation; however, the Court must consider the fact that Petitioner has not personally incurred any costs.

The Court recognizes that the law firms involved in this case participated in a *pro bono* capacity and have received no remuneration for their work. However, this Court must exercise its broad discretion to determine whether cost shifting is appropriate under the relevant law. Considering the unique circumstances of this case and financial conditions of the parties, the Court finds it would be "clearly inappropriate" to award Petitioner costs. *See in re Application of Stead v. Menduno*, 77 F. Supp. 3d 1029, 1038 (D. Co. 2014) ("The Court finds that an award of filing fees and deposition costs is inappropriate in this [Hague Convention] matter, given the petitioner's pro bono representation and respondent's relatively low salary, total savings of slightly over $2,000, the fact that respondent spends 80% of her income on housing, and the fact that most of her other expenses relate to providing for [the child].").

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
Honorable Donald C. Coggins, Jr.
United States District Court Judge

January 31, 2019
Spartanburg, South Carolina